**Frank DELAY, Plaintiff,**

v.

**HEARN FORD, Defendant.**

**Civ. A. No. 73–312.**

United States District Court,
D. South Carolina,
Rock Hill Division.

March 19, 1974.

Palmer Freeman, Jr., Fort Mill, S. C., for plaintiff.

David A. White of Roddey, Sumwalt & Carpenter, Rock Hill, S. C., for defendant.

ORDER

ON MOTION FOR SUMMARY JUDGMENT

HEMPHILL, District Judge.

Plaintiff seeks relief in this forum under the provisions of Subchapter IV, of the Motor Vehicle Information and Cost Savings Act, 15 U.S.C.A. §§ 1981–1991, Public Law 92–513, 86 Stat. 947 (1972). This court's jurisdiction over this action is found in 15 U.S.C.A. § 1989(b).[1] This case appears to be among the first to be brought under this statute, the cause of action allegedly arising the first day after the effective date of the statute.

STATEMENT OF FACTS

On December 23, 1972, plaintiff purchased a 1973 Ford automobile from the defendant, Hearn Ford, a new and used car dealer. At the time of the transaction he traded in his 1967 Chevrolet, serial number 1648Y176476. At the time he traded the Chevrolet to Hearn Ford, its odometer read approximately 72,000 miles.

Thereafter, because the new Ford had to be fixed or repaired daily, Mr. Delay

1. 15 U.S.C.A. § 1989. Civil actions to enforce liability for violations of odometer requirements; amount of damages, jurisdiction; period of limitation.

(a) Any person who, with intent to defraud, violates any requirement imposed under this subchapter shall be liable in an amount equal to the sum of—

(1) three times the amount of actual damages sustained or $1,500, whichever is the greater; and

(2) in the case of any successful action to enforce the foregoing liability, the costs of the action together with reasonable attorney fees as determined by the court.

(b) An action to enforce any liability created under subsection (a) of this section, may be brought in a United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within two years from the date on which the liability arises.

felt the purchase was unsatisfactory. Hearn Ford replaced this car with a second new Ford which also proved unsatisfactory to plaintiff. He sold the second new Ford to Kenneth E. Jones, the used car manager at Hearn Ford, and repurchased from defendant the same 1967 Chevrolet which he had traded in originally.

The repurchase was made on January 19, 1973 for cash. After completing the transaction, plaintiff drove the car away and en route home noticed that the odometer then read less than 49,000 miles. Upon reaching his home, plaintiff called Jones who could not explain the difference in mileage.

Jones presented an affidavit to the court in which he swore, to the best of his knowledge, that, prior to January 18, 1973, the effective date of the statute in question, the 1967 Chevrolet automobile, which was resold to plaintiff on January 19, 1973, was delivered to the lot from Shillinglaw's Clean-Up Shop and that the mileage reading on the odometer of the car was not altered, changed, or reset in any manner subsequent to the delivery of the automobile to the used car lot, and, more particularly, on or after January 18, 1973. No statement was made as to any possible alteration after the initial trade-in of the 1967 Chevrolet by plaintiff on December 23, 1972 and before the delivery of the car to Shillinglaw's Clean-Up Shop.

Roddey Caskey, a policeman employed by the town of Fort Mill, South Carolina, and a son-in-law of plaintiff, submitted an affidavit in which he stated that he has had frequent occasions to drive plaintiff's 1967 Chevrolet and that he knows, of his own knowledge, that, prior to the trading of the car to Hearn Ford, the mileage on the automobile's odometer read at least 65,000 miles. After plaintiff repurchased the car on January 19, 1973, Caskey, at the request of plaintiff, observed that the odometer on the same vehicle read less than 49,000 miles.

Plaintiff filed his complaint on March 19, 1973, seeking judgment against defendant for $1,500, reasonable attorney's fees, and costs of the action. Defendant moved for summary judgment and the court heard oral arguments on March 1, 1974.

## THE APPLICABLE STATUTE

The basic Congressional intent of Subchapter IV, Odometer Requirements, is set forth in the first section of the subchapter, 15 U.S.C.A. § 1981.[2] It is obvious that Congress took a dim view of anyone who tampered with an odometer in order to make a used car appear to be a more attractive purchase to the prospective buyer. In effect, this statute, for that reason, outlaws odometer tampering.

The act became law on October 20, 1972. Public Law 92–513, § 412[3], provided: "This title . . . shall take effect ninety calendar days following the date of enactment of this Act." Thus, the effective date of this statute was January 18, 1973.

The present action is based on 15 U.S.C.A. § 1989(a). This subparagraph provides for treble damages or $1,500, whichever is greater, together with reasonable attorney's fees, as determined by the court, and the costs of the action, if a seller of a motor vehicle, with intent to defraud, violates any requirements imposed under the subchapter.

2. 15 U.S.C.A. § 1981. Congressional findings and declaration of purpose. The Congress hereby finds that purchasers, when buying motor vehicles, rely heavily on the odometer reading as an index of the condition and value of such vehicle; that purchasers are entitled to rely on the odometer reading as an accurate reflection of the mileage actually traveled by the vehicle; that an accurate indication of the mileage traveled by a motor vehicle assists the purchaser in determining its safety and reliability; and that motor vehicles move in the current of interstate and foreign commerce or affect such commerce. It is therefore the purpose of this subchapter to prohibit tampering with odometers on motor vehicles and to establish certain safeguards for the protection of purchasers with respect to the sale of motor vehicles having altered or reset odometers.

3. See note under 15 U.S.C.A. § 1981 as to effective date.

Plaintiff contends that both 15 U.S.C.A. § 1984 [4] and § 1988 [5] have been violated by defendant through its agents.

ANALYSIS

The court finds that the actions shown to have occurred are sufficient to prove an intentional act to defraud prospective purchasers in violation of the statutes in question. The affidavits presented to the court clearly establish that the car in question was previously owned by plaintiff and that it was traded in to Hearn Ford on December 23, 1972. At that time it had approximately 72,000 miles on the odometer. Plaintiff subsequently repurchased the same car on January 19, 1973 from Hearn Ford. As he was driving the car home, he discovered that the odometer then read less than 49,000 miles.

From these facts a reasonable inference arises that sometime between December 23, 1972 and January 19, 1973, the roll back of the odometer was done by or for defendant through its agents. This would only seem logical since, during the entire time in which plaintiff claimed the alteration in mileage took place, the car was under the dominion and control of defendant. Such a conclusion is compelled, absent a showing by defendant as to when such roll back occurred and by whom it was done. Defendant is in a far better position than anyone else to make such information available to this court. At first reading it appears defendant has violated 15 U.S.C.A. § 1984.

Defendant also appears to have violated 15 U.S.C.A. § 1988 by its failure to disclose to plaintiff that the odometer reading was known by defendant to be different from the number of miles that the vehicle had actually traveled. The failure to disclose to the purchaser may be evidence of an intent to defraud, absent a showing by defendant that the change was unintentional or was made with an intent other than an intent to defraud. Such a requirement might be satisfied by a showing that the change was accidental, malicious mischief, mistake by a third party, etc.

Defendant's claim of ignorance as to the cause of the change is not satisfactory to avoid the finding of an intent to defraud. During the term of defendant's dominion over the car, defendant was the only party which had anything to gain by rolling back the odometer. The only other party to have possession, Shillinglaw's Clean-Up Shop, as defendant's third party independent contractor, had nothing to gain by changing the mileage reading.

The fact that the purchaser was the prior owner is not sufficient to avoid the requirement that the disclosure of the mileage change had to be made to plaintiff. To reiterate, 15 U.S.C.A. § 1989(a)(1) states:

> Any person who, *with intent to defraud,* violates any requirement imposed under this subchapter shall be liable in an amount equal to the sum of *three times the amount of actual damages* sustained *or $1,500,* whichev-

4. 15 U.S.C.A. § 1984. Unlawful change of mileage indicated on odometer. It is unlawful for any person or his agent to disconnect, reset, or alter the odometer of any motor vehicle with the intent to change the number of miles indicated thereon.

5. 15 U.S.C.A. § 1988. Disclosure requirements upon transfer of ownership of motor vehicle; *promulgation of rules; violations.* (a) Not later than 90 days after October 20, 1972, the Secretary [on Odometer Reliability and Security] shall prescribe rules requiring any transferor to give the following written disclosure to the transferee in connection with the transfer of ownership of a motor vehicle:

(1) Disclosure of the cumulative mileage registered on the odometer.

(2) Disclosure that the actual mileage is unknown, if the odometer reading is known to the transferor to be different from the number of miles the vehicle has actually traveled. Such rules shall prescribe the manner in which information shall be disclosed under this section and in which such information shall be retained.

(b) It shall be a violation of this section for any transferor to violate any rules under this section or to knowingly give a false statement to a transferee in making any disclosure required by such rules.

er is greater. . . . (Emphasis added.)

The statute prohibits violations of any requirement imposed under the subchapter upon sellers, with intent to defraud. The statute does not require that, additionally, a purchaser must be hurt. Nevertheless, if a purchaser is hurt, he or she may recover treble actual damages. If a purchaser is not hurt, he or she may obtain the alternative recovery of $1,500. The purchaser in this case was not actually hurt, so therefore, he has pursued his remedy in the alternative. To construe the statute to require actual damage to the purchaser would effectively gut the statute of its alternative remedy. Indeed, it appears that under the statute, as it is presently written, this case presents one of the few situations in which a purchaser could have knowledge of the actual mileage so as to determine whether there has been any tampering with the odometer.[6]

All that is required of a purchaser before recovery will be allowed is that a change in the odometer reading has occurred and that the seller has failed to disclose the change. An intent to defraud arises from the proof of the foregoing in the absence of an explanation of the odometer change.

The purpose of the statute is to punish odometer tamperers by imposing civil penalties upon them and to reward purchasers who discover such tampering and bring it to the attention of the federal courts.

In keeping with the stated Congressional purpose in enacting these statutes, this court will not permit defendant to avail itself of the argument that the odometer was rolled back prior to the actionable date of the statute. It is manifest from the Congressional statement of intent that the ninety day waiting period was only for the purpose of the dissemination of information to those most affected by the law and was not intended by Congress to give those who sold used cars a ninety day period in which to alter such odometers as they wished without having to disclose that fact after January 18, 1973, the effective date of the statute on which such conduct became actionable. The tampering statute, § 1984, and the disclosure statute, § 1988, meshed at the end of the ninety day period. After January 18, 1973, the seller must disclose the actual mileage and any prior tampering or be responsible for the failure to so state.

The court has searched in vain for law review articles and other periodicals discussing the statutes involved herein. The court's interpretation is therefore based solely on the statute's legislative history expressing the Congressional intent as it appears in 3 U.S.Code Cong. & Admin.News, 3960, 3970–72 (1972).

Being without prior case law as a guide, the court must resort to a practical analogy. The statutes herein prohibit tampering with an odometer and the failure to disclose the tampering, committed with an intent to defraud the purchaser. Akin to this offense, would be an assault with a deadly weapon. The tampering in § 1984 is akin to loading the weapon to make it "deadly". The weapon, like the car with the tampered odometer, may lay around unused for some time. When the weapon is used to assault someone, like the sale of the car with the tampered odometer to a purchaser with a failure to disclose the tampering, the damage is done and the conduct becomes actionable. Here, there was no damage done until the car was sold on January 19, 1973, even though the tampering occurred at some unknown time between December 23, 1972 and January 19, 1973. If the sale had been made on January 17, 1973, there would have been no cause of action stated herein because the statute did not become effective until the next day.

6. In order to make the statute a true deterrent to the practices proscribed, perhaps the statute should be amended to require the seller to supply the prospective purchaser with the names, addresses, and telephone numbers of the previous owners so that one can check to make sure that no tampering has occurred. In any event, this is a matter for Congress, not the courts.

This court, upon full reflection, concludes that there are potential, and contested, issues of fact as to the following:

## CONCLUSIONS

1. Whether defendant has violated 15 U.S.C.A. § 1984 by altering the odometer of a 1967 Chevrolet, serial number 164877Y176476, with the intent to change the number of miles indicated thereon, sometime between December 23, 1972 and January 19, 1973.

2. Whether defendant has violated 15 U.S.C.A. § 1988(a)(2) and (b) by failing to disclose to the purchaser that the odometer reading is known to it, as the transferor-seller, to be different from the number of miles the vehicle has actually traveled.

3. Whether plaintiff is entitled to $1,500 under 15 U.S.C.A. § 1989(a)(1) and, in the event of the successful action to enforce the foregoing liability the costs of the action together with such attorney fee, as will be determined to be reasonable by this court, pursuant to 15 U.S.C.A. § 1989(a)(2).

Defendant's motion for summary judgment is denied.

And it is so ordered.