## Gantz v. Migdon Pontiac

*Shertzer & Gray*, for plaintiff.
*Morgan, Hallgren & Heinly*, for defendant.

MUELLER, *J.*, February 17, 1978*—Defendant has demurred to Count II of the complaint which alleges a violation of the Motor Vehicle Information and Cost Savings Act of October 20, 1972, as amended, 15 U.S.C.A. §1901 et seq.[1] In his complaint plaintiff points to certain deficiences in an

---

*Portions of this opinion have been deleted. Those portions which are not printed are not related to the issue discussed in the published part.

1. The act provides in relevant part:

"(a) Not later than 90 days after October 20, 1972, the Secretary shall prescribe rules requiring any transferor to give the following written disclosure to the transferee in connection with the transfer of ownership of a motor vehicle: (1) Disclosure of the cumulative mileage registered on the odometer. (2) Disclosure that the actual mileage is unknown, if the odometer reading is known to the transferor to be different from the number of miles the vehicle has actually traveled. Such rules

odometer statement signed by plaintiff and defendant on or about July 8, 1977. However, nowhere in the complaint does plaintiff specify which rule promulgated under the act defendant has allegedly violated. Since the act is violated either by violating a rule prescribed under the act or by giving a false statement to a transferee in making a disclosure under the act or rule, plaintiff has failed to state a cause of action because he has not specifically alleged either of these. Plaintiff cannot cure this defect in his pleading merely by citing a specific regulation in his brief.

Aside from the fact that plaintiff has failed to allege a violation of any rule prescribed under the act, his count seeking damages under the act is also deficient for failing to allege that defendant acted with intent to defraud. Pa.R.C.P. 1019(b) requires that allegations of fraud be averred with particularity. Plaintiff asserts that his allegation of the willful

---

shall prescribe the manner in which information shall be disclosed under this section and in which such information shall be retained.

*"Violations of rules and giving false statements to transferees prohibited*

"(b) No transferor shall violate any rule prescribed under this section or give a false statement to a transferee in making any disclosure required by such rule." 15 U.S.C.A. §1988 (as amended).

Section 1989 of the act provides in part:

"(a) Any person who, with *intent to defraud,* violates any requirement imposed under this subchapter shall be liable in an amount equal to the sum of—(1) three times the amount of actual damages sustained or $1,500, whichever is the greater; and (2) in the case of any successful action to enforce the foregoing liability, the costs of the action together with reasonable attorney fees as determined by the court." 15 U.S.C.A. §1989 (emphasis supplied).

failure of defendant to properly complete the odometer statement gives rise to an inference of an intent to defraud for purposes of the act. The court has carefully reviewed the Federal cases cited by both parties interpreting this section of the Motor Vehicle Information and Cost Savings Act of 1972. Although there is some divergence in the cases regarding precisely what must be alleged to show intent to defraud, the court found no case which permitted an intent to defraud to be inferred from the mere failure to complete the disclosure statement with no allegation that the odometer reading was incorrect. In Clayton v. McCary, 426 F. Supp. 248 (N.D. Ohio 1976), the United States District Court held that although the seller had at least constructive knowledge that the odometer was not working properly, that knowledge was insufficient to draw an inference of fraudulent intent in completing the disclosure statement. In Delay v. Hearn Ford, 373 F. Supp. 791 (D.S.C. 1974), the judge stated at page 796: "All that is required of a purchaser before recovery will be allowed is that *a change in the odometer reading has occurred* and that the seller has failed to disclose the change. An intent to defraud arises from the proof of the foregoing in the absence of an explanation of the odometer change." (Emphasis supplied.) In Jones v. Fenton Ford, Inc., 427 F. Supp. 1328 (D.Conn. 1977), the United States District Court found an intent to defraud where the seller had been given a disclosure statement by the previous owner that the odometer was not working, and the seller later told a new buyer that the odometer reading was correct.

In each of these cases and in the other cases cited by the parties at oral argument, there was an allegation that the odometer reading was incorrect.

There is no such allegation in this case. Accordingly, the court holds that while there may be violations of certain regulations promulgated under the Motor Vehicle Information and Cost Savings Act of 1972 alleged in this complaint, there is not a sufficient allegation of intent to defraud to activate the civil enforcement provision of the act: 15 U.S.C.A. § 1989. The purpose of the treble damages provision is to punish odometer tamperers by imposing civil penalties upon them and to reward purchasers who discover such tampering and bring it to the attention of the courts. See Delay v. Hearn, supra, at 796. While the provisions of section 1989 should extend to a seller who has not himself tampered with the odometer but who is aware that the mileage which it reports is incorrect and fails to disclose that fact, e.g., Jones v. Fenton Ford, Inc., supra, it would be straining both the plain words and the spirit of the statute to apply it to a seller who merely fails to complete the form. To impose a $1,500 penalty[2] for failure to check a box on the form hardly seems to be the intent of Congress in passing this act. Accordingly, defendant's demurrer to Count II of the complaint is sustained.

• • •

## ORDER

And now, February 17, 1978, upon consideration of the preliminary objections filed by defendant in this action, the court dismisses the demurrer to Count I of the complaint. The court grants the demurrer to Count II and dismisses Count II of the

---

2. Section 1989 provides alternative liability of three times the actual amount of the damages or $1,500, whichever is greater.

complaint without prejudice. Plaintiff is directed to attach Exhibit A referred to in paragraph 3 to the complaint. Plaintiff is directed to aver any special damage which he is seeking to recover with particularity as to time, place and amount of the damages. Plaintiff shall file an amended complaint within 20 days of the date of this order.