**James H. SHIPE, etc. et al.**

v.

**Jim MASON, etc. et al.**

No. CIV-2-78-7.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Oct. 4, 1978.

Greg W. Eichelman, Morristown, Tenn., for plaintiffs.

Kenneth C. Anthony, Jr. and John B. White, Jr., Spartanburg, S. C., and Jerry W. Laughlin and Herbert R. Silvers, Greenville, Tenn., for defendants.

## MEMORANDUM OPINION

NEESE, District Judge.

This is a civil action to enforce the liability of the defendant for violation, with intent to defraud, of the motor vehicular odometer requirements upon the transfer of ownership of 3 automobiles. 15 U.S.C. § 1989(a).[1] This Court has jurisdiction of the subject matter hereof and of the parties. 15 U.S.C. § 1989(b).[2] A bench trial was conducted on September 28, 1978.

■ The defendant Mr. Jim Mason, doing business as Jim Mason Used Cars and Mason Brothers Used Cars, transferred the ownership of a certain 1974–model Pontiac automobile, a certain 1974–model Oldsmobile automobile and a certain 1975–model Chevrolet Caprice automobile to the plaintiff Mr. James H. Shipe, doing business as Shipe Auto Sales, on February 17, 1977 through Clanton's Auto Auction Sales, Inc. in Darlington, South Carolina. Mr. Mason admitted that he disclosed to Mr. Shipe cumulative mileage of 30,400 miles registered on the odometer in such Pontiac automobile when, in fact, its cumulative registered mileage was a minimum of 60,100 miles; that he disclosed to Mr. Shipe a cumulative mileage of 47,966 miles registered on the odometer of such Oldsmobile automobile when, in fact, its cumulative registered mileage was a minimum of 77,-173 miles; and that he disclosed to Mr. Shipe a cumulative mileage of 32,464 miles registered on the odometer of such Chevrolet automobile when, in fact, its cumulative registered mileage was a minimum of approximately 68,000 miles. However, he claims that he reset or "rolled–back" those cumulative registered mileages and issued false odometer certificates thereon at the request of Mr. Shipe, and as a condition precedent to Mr. Shipe's purchasing these vehicles from him through the aforenamed auction. That is not a viable defense.

It was the declared purpose of the Congress in enacting the afore–quoted legislation " * * * to prohibit tampering with odometers on motor vehicles and to establish certain safeguards for the protection of *purchasers* [emphasis supplied] with respect to the sale of motor vehicles having altered or reset odometers." 15 U.S.C. § 1981. It was found by the Congress prefatorily thereto " * * * that purchasers, when buying motor vehicles, rely heavily on the odometer reading as an index of the condition and value of such vehicle; that purchasers are entitled to rely on the odometer reading as an accurate reflection of the mileage actually traveled by the vehicle; that an accurate indication of the mileage traveled by a motor vehicle assists the purchaser in determining safety and reliability; and that motor vehicles move in the current of interstate and foreign commerce or affect such commerce. * * * " *Idem.* Thus, it is evident that the Congress moved to protect, not only the immediate purchaser of a motor vehicle, the odometer of which had been set–back, but also any subsequent purchasers thereof.

■ To act with "intent to defraud" usually means to act wilfully, and with the

---

1. " * * * Any person who, with intent to defraud, violates any requirement imposed under this subchapter [Motor Vehicle Information and Cost Savings Act, chapter 46, subchapter IV] shall be liable in an amount equal to the sum of—
   "(1) three times the amount of actual damages sustained or $1,500, whichever is the greater; and
   "(2) in the case of any successful action to enforce the foregoing liability, the costs of the action together with reasonable attorney fees as determined by the court." 15 U.S.C. § 1989(a).

2. " * * * An action to enforce liability created under subsection (a) of this section, may be brought in a United States district court without regard to the amount in controversy. * * * within two years from the date on which the liability arises." 15 U.S.C. § 1989(b).

specific intent to deceive or cheat, ordinarily for the purpose of either causing some financial loss to another or bringing about some financial gain to oneself. *Cf. United States v. Lepowitch* (1943), 318 U.S. 702, 704, 63 S.Ct. 914, 916, 87 L.Ed. 1091, 1093–1094 (headnote 4). In the context of 15 U.S.C. § 1989(a), however, this Court is of the opinion that "intent to defraud" must be held to mean to act wilfully and with the specific intent to deceive any purchaser or potential purchaser of a motor vehicle who inspects the odometer of a motor vehicle as an index of the condition and value of such vehicle. Thus, even if Mr. Shipe, as the immediate purchaser of the aforedescribed automobiles, were to be found to have known in advance of his purchases that one or more of them had accumulated greater mileage than was shown at the time of the sale(s) by its odometer, this would not provide probative evidence that any purchaser subsequent to Mr. Shipe would not be in danger of being defrauded. The salient showing was that Mr. Mason acted with the intent *to* defraud, not that anyone was actually defrauded.

▪ The purpose of this portion of the Motor Vehicle Information and Cost Savings Act, *supra*, is to punish odometer tamperers by imposing civil penalties upon them and to reward purchasers who discover such tampering and bring it to the attention of the federal courts. *Delay v. Hearn Ford*, D.C.S.C. (1974), 373 F.Supp. 791, 796[9], cited and quoted from in *Stier v. Park Pontiac, Inc.*, D.C.W.Va. (1975), 391 F.Supp. 397, 401[2]. As Mr. Mason offered no satisfactory explanation for setting–back the odometers of these vehicles, his intent to defraud in reducing those odometer readings while the vehicles were in his possession is implied. *Shore v. J. C. Philips Motor Co.*, C.A. 5th (1978), 567 F.2d 1364, 1366[3].

This Court FINDS that the defendant Mr. Mason, with intent to defraud, violated requirements imposed by 15 U.S.C., ch. 46, subchap. IV, by setting–back the odometers on, and transferring the ownership of, a certain 1974–model Pontiac automobile, a certain 1974–model Oldsmobile automobile, and a certain 1975–model Chevrolet Caprice automobile, to the plaintiff Mr. Shipe less than 2 years from the commencement of this action. 15 U.S.C. § 1989(a). Mr. Shipe sold all 3 of the aforedescribed motor vehicles. When he discovered the fact of Mr. Mason's tampering as aforementioned, he cancelled his subsequent sales of such latter 2 automobiles, agreeably with the subsequent purchasers thereof, and remains in possession of those vehicles for resale. He offered also to cancel the subsequent sale of such 1974–model Pontiac automobile to his coplaintiff Mr. John Shires, but Mr. Shires elected to retain this automobile and continues in its possession.

The fair cash market value of the Pontiac automobile mentioned before Mr. Mason's tampering with its odometer was $2,400; afterward it was $1,000. Such value of the Oldsmobile was $2,012 before such tampering and $1,006 afterward. That of the Chevrolet was $3,500 before and $2,500 afterward.

The actual damages sustained by Mr. Shipe from the Oldsmobile transaction was $1,006 and from the Chevrolet transaction was $1,000. The actual damages sustained by Mr. Shires from the Pontiac transaction was $1,400.

The Court concludes that, under all the circumstances, there is no reason to reopen the presentation of evidence, except as indicated hereinbelow. The plaintiffs' motion for a summary judgment hereby is OVERRULED.[3] Accordingly, it is the decision of this Court that the defendant Mr. Mason is liable to the plaintiff Mr. Shipe in an amount equal to the sum of three times $2,006, or an aggregate of $6,018, and to the plaintiff Mr. Shires in an amount equal to three times $1,400, or an aggregate of $4,200; and that each plaintiff is entitled to the costs of this action as well as their

---

3. The Court had discretion under the circumstances to postpone consideration of such motion until after the trial. *Williams v. Howard Johnson's, Inc. of Washington*, 323 F.2d 102, 104 105[2], C.A. 4th (1963), citing *Woods v. Robb*, 171 F.2d 539, 541[1], C.A. 5th (1948).

respective reasonable attorney's fee, the amount of which will be determined by the Court, 15 U.S.C. § 1989(a)(2).

The clerk of this Court hereby is DIRECTED not to enter judgment at this time. Rule 58(1), Federal Rules of Civil Procedure. The Court will hear evidence from each plaintiff on the respective amounts of his reasonable attorney's fee, and determine such amounts, on November 3, 1978 at 10:00 o'clock in the forenoon or as soon thereafter as this matter may be reached on the court's calendar.