Elliot T. Cowdrey, P.J.
John P. Forte, J.
Charles Jannino
Clerk, Appellate Division

Rita CORCORAN
v.
James HEALEY

No. 268

District Court Department
Appellate Division, Southern District
Trial Court of the
Commonwealth of Massachusetts

April 30, 1981

Anthony J. Lewis, Jr., Esq. counsel for plaintiff
Bernard R. Kafka, Jr., Esq. counsel for defendant

## OPINION

WELSH, J. This is a civil action to recover either a sum equivalent to three times the amount of actual damages sustained or $1,500.00, whichever was determined to be greater, together with costs and a reasonable attorney's fee as determined by the court for unlawfully resetting or altering the odometer of a motor vehicle which was sold by the defendant to the plaintiff.[1]

The defendant in his answer admitted **inter alia** that he, acting for himself or as agent for another, sold the vehicle in question to the plaintiff on or about May 28, 1978 for the sum of $600.00; the defendant denied tampering with the odometer and denied that the acts complained of resulted in damage to the plaintiff. The defendant denied that the plaintiff was entitled to relief under either G.L. c. 266, sec. 141 or G.L. c. 93A.

The trial judge found for the plaintiff in the sum of $1,500.00 and awarded the additional sum of $500.00 as attorney's fees. A motion for new trial was filed by the defendant and was denied after hearing by the court.

The defendant claims to be aggrieved by the denial of certain requests for rulings, by the finding for the plaintiff and by the findings of fact made by the court.

At the trial, there was evidence tending to show the following:

An investigator for the Registry of Motor Vehicles testified that he was the custodian of records. On file were two applications for registration of the vehicle in question. One application was dated May 10, 1978, in which Eleanor G. Healey requested registration of the vehicle in question. The application listed one Thomas G. Donnelly as the previous owner and certified an odometer reading of approximately 79,976 miles. The second application for registration was by the present plaintiff and was dated June 6, 1978. This application for registration listed the defendant, James Healey as the previous owner and indicated an odometer reading of 60, 118 miles. The first application indicated that the vehicle

---

[1] This statutory cause of action was enacted by St. 1973, c. 456 and appears as G.L.C. 266, § 141. The trial court's determination that G.L.C. 93A was not in issue was not appealed, and consequently, is not before us.

had a previous Massachusetts title number of MA F662282; the second application made no reference to any previous title number.

The husband of the plaintiff testified that he went with his wife to the home of the defendant James Healey and purchased the vehicle in question from him on May 28, 1978 for the sum of $600.00. The purchase price was paid at that time by check of the plaintiff which was drawn to the order of the defendant who negotiated the same. Corcoran further testified that he did not drive the car at that time because the battery was dead. The defendant agreed to charge the battery and, after having done so, delivered the vehicle to the plaintiff by leaving it on the street outside the plaintiff's house. After having driven the car for two or three days, the plaintiff's husband noted that the odometer was not working. After he had the car for five months, the car was stolen and the insurance carrier paid the sum of $600.00 for the loss and took title to the vehicle.

The plaintiff testified that although she accompanied her husband to the home of the defendant to see about the purchase of the car, she remained outside in their car and did not participate in the consummation of the transaction, except to give her husband a check drawn to the order of the defendant. She indicated that the check was negotiated by the defendant and acknowledged receipt of $600.00 from the insurance company as a result of the theft.

We determine that there was no prejudicial error and that the report be dismissed.

General Laws c. 266, sec. 141 provides, in pertinent part, the following:

Whoever advertises for sale, sells, uses, installs or has installed any device which causes an odometer to register any mileage other than the true mileage driven, or whoever resets or alters the odometer of any vehicle with the intent to change the number of miles indicated thereon or whoever, with the intent to defraud, operates a motor vehicle on any street or highway knowing that the odometer of such vehicle is disconnected to nonfunctional, shall be liable in a civil action of tort or contract in an amount equal to the sum of three times the amount of actual damages sustained or one thousand five hundred dollars, whichever is the greater, plus the costs of the action together with reasonable attorney fees as determined by the court.

A violation of the provisions of this section shall constitute an unfair method of competition under chapter ninety-three A.

The defendant, in his requests for rulings, challenges the sufficiency of evidence to warrant a finding for the plaintiff. Specifically, the defendant asserts that the evidence does not warrant a finding that the defendant reset, altered or otherwise tampered with the odometer of the vehicle in question. The defendant also attacks the judge's finding that the defendant was in fact the true owner of the vehicle at the time of sale to the plaintiff and that he did, in fact, alter, reset or tamper with the odometer.

1. Although neither the briefs nor the arguments of the parties disclose any challenge to the question of the plaintiff's standing to bring this action, we deem it imperative to resolve the question. The question of whether or not a party has standing to bring an action is not a mere procedural nicety; it goes to the essence of the remedy. **Save the Bay, Inc. v. Department of Public Utilities**, 366 Mass. 667, 672 (1975). It is akin to failure to join an indispensible party, and may be raised at any time. See, **Martinez Moll v. Levitt & Sons of Puerto Rico, Inc.**, 583 F.2d 565, 572 (1st Cir. 1978). Failure to raise the defense by answer or motion does not

waive the question. **Capitol Records v. Mercury Record Corp.,** 109 F. Supp. 330 (D. N.Y. 1952), **aff'd,** 221 F. 2d. 657. Either the trial court or an appellate court may raise the question **sua sponte. Clark v. Hutchison,** 161 F. Supp. 35 (D. Canal Zone 1957); **Martinez Moll, supra,** at 572.

The report discloses that at the time this action was commenced in the trial court, the plaintiff had transferred ownership and possession of the vehicle to the insurance company and had received $600.00 as compensation for the car. The report indicates that the amount plaintiff received from the insurance company was the precise amount paid by the plaintiff to the defendant.

It is evident that the Odometer Statute under consideration has aspects which are both remedial and punitive. Its purpose is to provide an incentive for private actions to enforce its provisions in addition to prosecution by public officers in the usual course of criminal proceedings. Alperin & Chase, **Consumer Rights & Remedies,** 36 M.P.S. sec. 425; see, G.L. c. 266, sec. 141A. The statute itself is silent as to who may bring an action. Thus, it has been held that a buyer of a motor vehicle under the Federal Odometer Law[2], which inspired the Massachusetts statute and which has similar provisions with respect to its civil remedy provisions (see, Alperin & Chase, **supra,** sec. 426) may still recover $1500.00 plus attorneys' fees and costs even in the absence of a showing of actual damages. **Delay v. Hearn Ford,** 373 F. Supp. 791 (D. S.C. 1974), In **Delay** the plaintiff had sold the automobile in question to the defendant dealer. At the time of the sale, the odometer registered 72,000 miles. Less than a month later, the plaintiff repurchased the same vehicle from the dealer. At the time of repurchase, the odometer registered less than 49,000 miles. Under these particular circumstances, the court determined that no actual damages were proved, but ruled that the plaintiff was entitled to $1,500.00 nonetheless.

Neither the briefs of the parties nor our own research discloses any Massachusetts appellate cases construing G.L. c. 266, sec. 141. However, the civil remedy provisions of the Massachusetts Anti-Tampering Odometer Law were alluded to by the Supreme Judicial Court by way of example in the case of **Hampshire Village Associates v. District Court of Hampshire,** —Mass.—,— (1980)[3]. The illustration offered was that of instances other than the cause before that Court wherein the legislature permitted recovery of multiple damages based upon the degree of displeasure perceived by the legislature at the proscribed conduct. The odometer statute was cited as a specific example wherein the legislature frankly sought to encourage a vindictive lawsuit as part of its enforcement scheme, **id.** at —, —.[4] Although undoubtedly **dicta,** the cited material presages a judicial philosophy frankly amenable to private vindictive lawsuits in this field.

Even a most liberal judicial climate toward such suits is not without limits. We think it self-evident that the legislature did not intend to permit persons with no legal or possessory interest in the vehicle and who suffered no damage to be able to invoke the civil penalties. Rule 17(a) of the Rules of Civil Procedure, 365 Mass. 763, requires, with an exception not here relevant, that all actions be prosecuted in the name of the real party in interest. The public policy served by this requirement is twofold: first, to avoid subjecting the defendant to successive actions; second, to conserve judicial resources by avoiding multiplicity of suits. **Mass. Assoc. of Ind. Ins. Agents and Brokers, Inc. v. Commr. of Ins,** 373 Mass. 290, 297 (1977).

---

[2] 15 U.S.C.A. §1989.

[3] 1980 Mass. Adv.Sh. 1691, 1693, fn. 7; 408 N.E.2d. 830, 832.

[4] **Id.** p. at 1693, 1694.

In the absence of judicial precedent, it is a generally recognized rule of construction that a statute which has been construed by another state or country and thereafter enacted by our legislature will be construed similarly in this state. **Rollins Environmental Services, Inc. v. Superior Court,** 368 Mass. 174, 179-180 (1975). This same principle applies where the state legislature enacts a federal statute. **Id.** at 179, and case cited.

There are federal cases which have permitted a plaintiff to recover under the Federal Odometer Anti-Tampering Statute, upon a showing of some actual damages notwithstanding the fact that he sold the car prior to suit. **Klein v. Pincus,** 397 F. Supp. 847 (D. N.Y. 1975).

There is also precedent in federal cases which permit recovery absent any actual damages to the plaintiff where the plaintiff retains his interest in the automobile at the time of suit. **Delay v. Hearn Ford,** 373 F. Supp. 791 (D. S.C. 1974).

Although no precedent has come to our notice which allows recovery under this statute where the plaintiff neither owned the vehicle at the time of suit nor suffered actual damages, we are of the opinion that the plaintiff does have "standing" to bring a civil action under this statute. The statutory cause of action in this case accrues when a sale of the motor vehicle with the tampered odometer occurred. **Delay v. Hearn Ford, infra,** at 796. The breach of legal duty for which the law affords this remedy is complete at that moment in time. Unlike a common law tort for negligence in which damage to the plaintiff is an essential element of the cause of action, see W. R. Prosser, **Law of Torts** 143 (4th ed. 1971), this statute requires no showing of actual damages. And unlike an action for breach of contract under traditional contract theory, (see, Corbin, **Contracts** sec. 124) privity of contract is not essential in cases under this form of action. **Stier v. Park Pontiac, Inc.,** 391 F. Supp. 397, 401 (D.

W. Va. 1975). Subsequent events, such as the loss of title to the motor vehicle ought not be deemed to divest the plaintiff's right of action. See, **Mataya v. Behm Motors, Inc.,** 409 F. Supp. 65, 68 (D. Wis. 1976). We therefore conclude that the plaintiff has standing to bring this action, notwithstanding the absence of actual damages and the divestment of title to the motor vehicle prior to commencement of suit.

2. The trial judge was correct in ruling that the evidence warranted a finding for the plaintiff and that a finding was warranted that the defendant reset, altered or otherwise tampered with the odometer in the vehicle in question. In actions of this sort, the plaintiff's initial hurdle is to demonstrate that the mileage registered on the odometer at the time of purchase was not the actual mileage travelled by the vehicle. The plaintiff has done this in this case by showing that the odometer had a higher mileage reading at the time of a previous transfer of ownership. **Klein v. Pincus,** 397 F. Supp. 847 (D. N.Y. 1975). A comparison of the two applications for registration filed clearly demonstrates that the odometer was tampered with. In **Bryant v. Thomas,** 461 F. Supp. 613 (D. Neb. 1978), it was held that the fact finder properly inferred the necessary fraudulent intent on the part of the seller from discrepancy in the mileage shown on previous odometer certificates filed in connection with prior applications for registration, even in the absence of such other evidence as tool marks on the odometer, other misrepresentations of fact dehors the certificates, prior involvement of the defendant in odometer tampering, or circuitous transfers tending to facilitate avoidance of odometer readings. **Id.** at 617.

Having demonstrated that odometer tampering had in fact occurred, the plaintiff's next burden is to connect such wrongful act to the defendant or to some one for whose conduct the defendant is

liable. The leading case of **Delay v. Hearn Ford,** 373 F. Supp. 791 (D. S.C. 1974) stands for the proposition that dominion of the defendant over the automobile during the entire time when the tampering occurred is sufficient to render the defendant liable, in the absence of an explanation by the defendant:

> "All that is required of a purchaser before recovery will be allowed is that a change of the odometer reading has occurred and that the seller has failed to disclose that change. An intent to defraud arises from proof of the foregoing in the absence of an explanation of the odometer change" **Id.**, at P. 796.

The principle permitting the inference of fraudulent intent from the transferor's possession in the absence of an explanation was applied in the case of **Duval v. Midwest Auto City, Inc.**, 425 F. Supp. 1381 (D. Neb. 1977), **aff'd,** 578 F. 2d. 721. Actual knowledge is not necessary. **Jones v. Fenton Ford, Inc.**, 427 F. Supp. 1328 (D. Conn. 1977). Also, where it is shown that the automobile was under the dominion of the seller **or that of his agent** at the time of the tampering, the buyer could recover. **Short v. J.C. Phillips Motor Co.**, 567 F. 2d. 1364 (C.A. Ga. 1978); **Stier v. Park Pontiac Inc.**, 391 F. Supp. 397 (D. W. Va. 1975). In the case at bar the defendant rested without offering any evidence.

There is no requirement that the purchaser be financially hurt as a prerequisite to recovery. In the absence of evidence of actual damages, the statute provides an alternative recovery of $1,500.00. In **Delay, supra,** at 796, the Court gave the following rationale:

> "The statute prohibits any violations of any requirement imposed under the subchapter upon sellers, with the intent to defraud. The statute does not require that, additionally, a purchaser must be hurt.

Nevertheless, if a purchaser is hurt, he or she may recover treble actual damages. If a purchaser is not hurt, he or she may obtain the alternative recovery of $1500.00. The purchaser in this case was not actually hurt, so therefore, he has pursued his remedy in the alternative. To construe the statute to require actual damage to the purchaser would effectually gut the statute of its alternative remedy . . ."

Although there is some authority to the contrary, see **Birdwell v. Hartsville Motors, Inc.**, 404 F. Supp. 625 (D. Tenn. 1974); **Mataya v. Behm Motors, Inc.** 409 F. Supp. 65 (D. Wis. 1976), the majority of cases hold that actual knowledge by the defendant need not be proved. **Jones v. Fenton Ford, Inc.**, 427 F. Supp. 1328 (D. Conn. 1977); **Pepp v. Superior Pontiac GMAC, Inc.**, 412 F. Supp. 1053 (D. La. 1976); **Ryan v. Edwards**, 592 F2d 756 (4th Cir. 1979).

There are at least two theories which might be advanced supporting the judge's conclusion that the defendant was liable notwithstanding that legal title to the vehicle was not in his name. First, he might be deemed liable as the agent of the actual seller, his wife, Eleanor Healey. **Stier v. Pontiac Park, Inc.**, 391 F. Supp. 397 (D. W. Va. 1975). As the Court observed in that case, the federal statute upon which this statute is based does not restrict liability to the immediate seller:

> "The language in sec. 1989 'any person . . . shall be liable' indicates no intent to limit liability to the immediate seller of a motor vehicle but to extend liability to and to impose liability upon any person violating the law . . ." **Id.** 401.

The Court held that agents of the seller as well as the seller might be deemed liable. **Id.** at 401.

Secondly, the defendant might be held liable as a principal notwithstanding that

title was in his wife's name. The Court's findings of fact in regard to that are as follows:

> "The court finds that the Defendant James Healey was in fact the real owner of the aforesaid Pontiac Lemans that was negotiated in the name of Eleanor G. Healey on May 10, 1978 and sold to the plaintiff Rita Corcoran on May 28, 1978. The Court also finds that the Defendant James Healey reset or altered the odometer on the Pontiac Lemans or caused this odometer to be reset or altered with the intent to change the number of miles indicated therein."

Significantly, no request for ruling was presented testing the sufficiency of evidence to warrant such a finding. See, **Reid v. Doherty,** 273 Mass. 388, 389 (1930). In the absence of such a request it cannot be said that such finding was plainly wrong. **N. B. Lumber Corp. v. Boisvert,** 51 Mass. App. Dec. 186, 193 (1973). On the contrary, such evidence as the defendant's negotiation of all the particulars of the sale, his receipt of and negotiation of the purchase money check payable to his own order, his delivery of the vehicle, the identification of the defendant as the seller on the plaintiff's application for registration. All tend to support the inference that the defendant was in fact the true owner.[5]

We determine that there was no prejudicial error and order that the report be dismissed.

<div align="right">

SO ORDERED
**Daniel H. Rider, J.**
**Robert A. Welsh, Jr., J.**
**Charles E. Black, J.**

</div>

This certifies that this is the opinion of the Appellate Division in this cause.

<div align="right">

**Patricia D. Miller**
**Clerk**

---

[5] It is emphasized that the operative word in the statute is the **sale** of the vehicle, the odometer having been tampered with. Ownership by the seller is not essential for the plaintiff's case.