881 F.2d 1077
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PAUL'S AUTO WORLD, Plaintiff-Appellant,
v
Calvin BOYD, Individually and doing business as Boyd's Used
Cars; Day's Chevrolet; Defendants-Appellees,
Bill Webb, Individually and doing business as Budget Auto
Sales, Defendants.
 No. 88-6199.
 United States Court of Appeals, Sixth Circuit.
 Aug. 7, 1989.
 
 Before MERRITT and KENNEDY, Circuit Judges, and NICHOLAS J. WALINSKI, Senior District Judge.*
 MERRITT, Circuit Judge.
 
 
 1
 In this odometer tampering case, the plaintiff, Paul's Auto World, appeals the District Court's grant of summary judgment for three defendants, Calvin Boyd, individually and d/b/a Boyd's Used Cars, Bill Webb, d/b/a Budget Used Cars, and Day's Chevrolet. The case was brought under the Federal Motor Vehicle Information and Cost Savings Act, 15 U.S.C. Sec. 1891-1991, with several pendent state law claims governed by Tennessee contract, tort and consumer protection laws. The issue in this case is whether Paul's Auto World provided sufficient evidence to defeat the defendants' respective motions for summary judgment. We affirm the District Court's judgment that the plaintiff did not.
 
 I.
 
 2
 Paul's Auto World purchased a 1982 Buick Century from Boyd on April 5, 1984. The car had an odometer reading of approximately 32,435 miles. Boyd was the last in a long line of owners; he purchased the car from Day's Chevrolet. Day had sold the car to Boyd on March 20, 1984, with an odometer reading of 32,355 and had provided Boyd with a sworn odometer statement, just as Boyd had provided Paul's Auto World with a sworn odometer statement. Day, too, had been provided a sworn odometer statement from his seller, Randy Payne, who had purchased the car from Bill Webb, d/b/a Budget Used Cars, on March 15, 1984, with mileage of 32,355. Webb allegedly bought the car from Caviness Motor Company in March of that same year. Documents of record in the Florida Secretary of State's office allegedly reflect an odometer reading of 73,684 miles for the car which is the subject of this lawsuit.
 
 
 3
 The trial court found that both Boyd and Day had complied with their duties, pursuant to 15 U.S.C. Sec. 1988 and 49 C.F.R. Sec. 5.80.1-580.6 (1980). The summary judgment motions of Boyd and Day were supported by affidavit pursuant to Fed.R.Civ.P. 56(e). Paul's Auto World presented no evidence to the court in its response to these motions for summary judgment to support the contentions that Boyd and Day tampered with the vehicle's odometer; were involved in a conspiracy to deprive Paul's Auto World of its rights under the Odometer Act; or knew or should have known that the odometer had previously been altered. Counsel for Paul's Auto failed to set forth any specific facts showing there was a genuine issue for trial other than a bare allegation of fraud.
 
 
 4
 The trial court also granted Webb's motion for summary judgment. Again, Webb filed an affidavit and various documents to support his contention that he was not a transferor of the vehicle in question. Paul's Auto World again failed to file a response or any type of countervailing documentation. The District Court did not find Webb to be a transferor of the 1982 Buick in question; and, consequently, he was not liable to Paul's Auto World under 15 U.S.C. Sec. 1981. Counsel for Paul's Auto World filed a motion to set aside the order granting summary judgment, explaining his failure to respond to the motion by the fact that he was moving his office. He then failed to comply with the rules by not attaching the proper documentation to his motion. The District Judge affirmed his initial grant of summary judgment to Webb at the same time the judge granted summary judgment for Boyd and Day.
 
 II.
 
 5
 A threshold requirement for liability under the Odometer Tampering Act is the requirement that one be a transferor. See 15 U.S.C. Sec. 1988(b). Additionally, in order to state a claim under 15 U.S.C. Sec. 1989, there must be an intent to defraud. See Birdwell v. Hartsville Motors, Inc., 404 F.Supp. 625, 629 (M.D.Tenn.1975). Case law defines intent to defraud as a "willful" act done with specific intent to deceive a purchaser of the mileage on a car. Shipe v. Mason, 500 F.Supp. 243, 245 (E.D.Tenn.1978), aff'd, 633 F.2d 218 (6th Cir.1980).
 
 
 6
 Boyd and Day complied with all of the specific duties which they owed to Paul's Auto World when they provided a sworn statement that the odometer readings reflected the car's actual mileage. Additionally, they provided sworn affidavits in their motions for summary judgment. Webb provided a sworn affidavit showing that he was not the transferor of the car in question.
 
 
 7
 Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, admissions, and affidavits do not raise a genuine issue of material fact for trial. Fed.R.Civ.P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment...." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original). The party opposing a summary judgment motion has the burden of producing proof to support its legal claim. Celotex Corp., 477 U.S. at 322-23.
 
 
 8
 The basic problem in this case is that Paul's Auto World failed to understand the requirements for defeating a motion for summary judgment. In its response to all three defendants' motions for summary judgment, Paul's Auto World failed to provide any evidence of intent to defraud on the part of Boyd or Day or evidence of car ownership on the part of Webb. Lacking the proper supporting documentation, the conclusory allegations of Paul's Auto World cannot withstand the motions which contain the appropriate supporting memoranda of defendants Boyd, Day and Webb. Consequently, the District Court properly granted the defendants' motions for summary judgment.
 
 
 9
 Accordingly, the judgment of the District Court is AFFIRMED.
 
 
 
 *
 The Honorable Nicholas J. Walinski, Senior Judge of the United States District Court for the Northern District of Ohio, sitting by designation