**Manuel L. LEVINE, Plaintiff,**

v.

**Norman E. MacNEIL et al., Defendants.**

**Civ. No. 76–3173–S.**

United States District Court,
D. Massachusetts.

March 24, 1977.

Edwin A. McCabe, Widett, Widett, Slater & Goldman, Boston, Mass., for plaintiff.

Irving Karg, Wasserman & Slater, Boston, Mass., for Carib Auto Sales, Inc.

John T. Gilbert, Curhan & Curhan, Boston, Mass., for Cambridge Imported Cars, Inc.

David S. Mortensen and Linda F. Smith, Hale & Dorr, Boston, Mass., for Norman E. MacNeil.

676

## MEMORANDUM AND ORDER

SKINNER, District Judge.

■ This matter came before me on motions of the various defendants for dismissal. The motion of defendant Carib Auto Sales, Inc. is allowed on the ground that the court does not have personal jurisdiction over it. The only contact of Carib Auto Sales, Inc. with the State of Massachusetts alleged in the complaint is an isolated purchase of the automobile in question. The alleged wrong with which Carib is charged occurred in New York, and the resulting damages, if any, impinged on the plaintiff in Michigan, where he lives. None of the circumstances are sufficient to bring Carib, a New York corporation, within the scope of Mass.G.L. c. 223A.

■ The other defendants move for dismissal under Fed.R.Civ.P. 12(b)(6). With respect to the defendant MacNeil, the plaintiff has mistakenly charged him in Paragraph Tenth with violation of 15 U.S.C. § 1988, which applies only to the transferor of a motor vehicle. It is clear that it was the plaintiff's intention to charge him under Paragraph Ninth with a violation of 15 U.S.C. § 1987. The defendant's motion to dismiss is allowed with leave to the plaintiff to amend his complaint, in accordance with the foregoing, within twenty (20) days.

The motion of Cambridge Imported Cars, Inc. to dismiss is allowed with respect to Paragraph Eleventh which charges it with a violation of 15 U.S.C. § 1987, which only applies to the owner of the car or his agent at the time that the odometer is changed. The motion of Cambridge Imported Cars, Inc. is otherwise denied.

■ Both defendants have asserted the defense of the statute of limitations which is two years from the date "on which the liability arises," as provided in 15 U.S.C. § 1989. The parties agree that if the two years runs from the time the odometer was changed that the action is barred, but that if it runs from the time when the violation is discovered, the action is not barred. The statute is silent and I have not been cited to nor have I found any case which deals with

the issue. Where the gravamen of the complaint is the fraudulent concealment of a material fact, it would seem to be in accordance with general principles of law to hold that the date of discovery is the starting point for the running of the statute, and I so hold. See *Janigan v. Taylor,* 344 F.2d 781, 784 (1st Cir. 1965), *cert. denied,* 382 U.S. 879, 86 S.Ct. 163, 15 L.Ed.2d 120 (1965). Insofar as the defendants' motions to dismiss raise the statute of limitations, they are denied.

■ The defendants also assert that the complaint is defective because the allegations of fraud are not stated with sufficient particularity in accordance with Fed.R. Civ.P. 9(b). In my view, the allegations of Paragraph Twelfth and Paragraph Ninth (as I expect it to be amended) together with Paragraph Eighteenth, sufficiently comply with Fed.R.Civ.P. 9(b). The defendants' motions to dismiss insofar as they raise this issue are denied.

In accordance with Rule 54(b), I direct the entry of a final judgment of dismissal with respect to Carib Auto Sales, Inc., and I find there is no just reason for delay in the entry of such a judgment.