**Edna F. TYE, Plaintiff,**

v.

**SPITZER–DODGE, Defendant.**

No. C–2–77–893.

United States District Court, S. D. Ohio, E. D.

Oct. 24, 1980.

James W. Rickman, Columbus, Ohio, for plaintiff.

George R. Nickerson, James H. Callard, Loveland, Callard & Clapham, Columbus, Ohio, for defendant.

## OPINION AND ORDER

KINNEARY, District Judge.

This action was instituted by the plaintiff, Edna F. Tye, alleging that the defendant, Spitzer–Dodge, failed to comply with the odometer tampering and disclosure requirements of the Motor Vehicle Information and Cost Savings Act of 1972, 15 U.S.C. § 1981 *et seq.* The matter is now before the Court on defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Rule 56(c), F.R.Civ.P., provides in relevant part that summary judgment "shall be rendered forthwith if the pleadings, deposi-

tions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The principles this Court must apply in deciding a motion for summary judgment are well established. Under Rule 56(c), the moving party has the burden of demonstrating the absence of a genuine issue of material fact and that he is entitled to a judgment as a matter of law. *See, Adickes v. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Felix v. Young*, 536 F.2d 1126 (6th Cir. 1976); and, 6 J. Moore Federal Practice ¶ 56.15[3] (2d ed. 1975). The Court is not to resolve issues of fact, but rather determine whether there are any material issues of fact to be tried. *United States v. Articles of Device, etc.*, 527 F.2d 1008, 1011 (6th Cir. 1976). "If a question of fact remains, the motion for summary judgment should be denied and the case should proceed to trial." *Felix v. Young, supra*, at 1130. Finally, the case is to be viewed in the light most favorable to the party opposing the motion. *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425, 427 (6th Cir. 1962). It is upon these legal standards for summary judgment that defendant's motion must be considered.

The essential facts upon which plaintiff, Mrs. Tye, brought this suit are as follows. On January 10, 1973, Mrs. Tye purchased a new 1973 Dodge automobile from the defendant Spitzer–Dodge [Spitzer]. She took delivery of the car the following day, whereupon she noticed that the odometer registered approximately seven miles.

For a substantial period of time, Mrs. Tye continued to drive her car while experiencing numerous difficulties with its operation. In her pro se memorandum filed with the Court, she stated she constantly complained to Spitzer about the extreme difficulty she had in steering her car and that the tires were prone to wear out particularly quickly. On March 23, 1976, Mrs. Tye then received a citation from the highway patrol for driving an automobile with defective equipment. She was also told by the officer that her car was in no condition to drive.

The following day, on March 24, 1976, Mrs. Tye took her car to a service station for repairs where apparently she learned that the car had been involved in a collision prior to her purchasing it. She filed a complaint with the Ohio Attorney General's Office and thereafter, on April 15, 1976, a representative from Chrysler Corporation inspected her car and verified that it was defective and dangerous to drive. Making some additional inquiries into her car troubles, in April of 1976 Mrs. Tye spoke to the general manager of Spitzer, who revealed to her that prior to her purchasing the car, its odometer was set back from a previously registered amount of approximately 2500 miles.

Mrs. Tye originally filed her pro se suit against Spitzer on November 21, 1977. Upon defendant's motion, this Court dismissed the suit on March 3, 1978, on the grounds that Mrs. Tye's complaint provided too little factual information upon which this Court could independently ascertain the existence of its jurisdiction over the subject matter. The case was reopened, however, on September 8, 1978, pursuant to the Court's order determining that in her motion to reopen, Mrs. Tye had stated sufficient facts for finding a possible violation of the Motor Vehicle Information and Cost Savings Act, 15 U.S.C. § 1901 *et seq*. The plaintiff thereafter filed her amended complaint asserting a cause of action under the above statute.

■ The relevant sections of the Motor Vehicle Information and Cost Savings Act, 15 U.S.C. § 1901 *et seq.*, to be applied in the instant case are set forth in Subchapter IV, entitled Odometer Requirements, 15 U.S.C. § 1981 *et seq.* [Odometer Act]. The Congressional intent and purpose in enacting the Odometer Act was to take a dim view of anyone who tampered with an odometer in order to make a car appear to be a more attractive purchase to the prospective buy-

er.[1] In furtherance of that purpose, § 1984 prohibits odometer tampering by providing that:

It is unlawful for any person or his agent to disconnect, reset or alter the odometer of any motor vehicle with the intent to change the number of miles indicated thereon.

In addition, § 1988 sets forth the disclosure requirements any transferor must give to the transferee in connection with the transfer of ownership of an automobile.[2]

In order to render these requirements effective, § 1989 provides for civil actions to impose liability against "[a]ny person who, with intent to defraud, violates any requirement imposed under this subchapter ...."[3] Thus, liability under the Odometer Act is predicated upon "the existence of both a violation of the odometer requirements, and an intent to defraud." *Clayton v. McCary*, 426 F.Supp. 248, 258 (N.D.Ohio 1976).

Finally, this Court has jurisdiction of the subject matter of this action pursuant to 15 U.S.C. § 1989(b).[4]

Based on the foregoing pertinent provisions, the plaintiff, Mrs. Tye, has essentially claimed that the defendant tampered with her car's odometer prior to her purchasing it. Furthermore, although not explicitly alleged in her complaint, Mrs. Tye has stated sufficient facts upon which the Court can reasonably infer and find that the allegation of the defendant's "intent to defraud" has been established.[5]

---

1. 15 U.S.C. § 1981 in relevant part states:

   The Congress hereby finds that purchasers, when buying motor vehicles, rely heavily on the odometer reading as an index of the condition and value of such vehicle; ... It is therefore the purpose of this subchapter to prohibit tampering with odometers on motor vehicles and to establish certain safeguards for the protection of purchases with respect to the sale of motor vehicles having altered or reset odometers.

   In *Jones v. Fenton Ford, Inc.*, 427 F.Supp. 1328, 1337–1338 (D.Conn.1977), the Court said that:

   a clear public policy is expressed in the ... Act in favor of adequately protecting consumers who purchase automobiles which may suffer from an odometer defect.

2. Before portions of § 1988 were amended in 1976, the provision read:

   (a) Not later than 90 days after October 20, 1972, the Secretary shall prescribe rules requiring any transferor to give the following written disclosure to the transferee in connection with the transfer of ownership of a motor vehicle:
   (1) Disclosure of the cumulative mileage registered on the odometer.
   (2) Disclosure that the actual mileage is unknown, if the odometer reading is known to the transferor to be different from the number of miles the vehicle has actually traveled. Such rules shall prescribe the manner in which information shall be disclosed under this section and in which such information shall be retained.
   (b) It shall be a violation of this section for any transferor to violate any rules under this section or to knowingly give a false statement to a transferee in making any disclosure required by such rules.

   Pursuant to the statutory mandate of this section, the Secretary of the Department of Transportation promulgated disclosure rules which can be found at 49 C.F.R. § 580.1 *et seq.*

3. 15 U.S.C. § 1989(a) provides:

   a) Any person who, with intent to defraud, violates any requirement imposed under this subchapter shall be liable in an amount equal to the sum of ·
   (1) three times the amount of actual damages sustained or $1,500, whichever is greater; and
   (2) in the case of any successful action to enforce the foregoing liability, the costs of the action together with reasonable attorney fees as determined by the court.

4. 15 U.S.C. § 1989(b) provides:

   (b) An action to enforce any liability created under subsection (a) of this section, may be brought in a United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within two years from the date on which the liability arises.

5. Fraudulent intent cannot be presumed but it can be inferred from certain facts. *See, Clayton v. McCary*, 426 F.Supp. 248 (N.D.Ohio 1976). *Also see, Mayes v. Warren Hollon Motors*, 410 F.Supp. 768, 769 (S.D.Ohio 1975), where the Court stated:

   Where an odometer has actually been rolled back while in the custody of a defendant, intent to defraud is easily established. Thus, in *Delay v. Hearn Ford*, 373 F.Supp. 791, 796 (D.S.C.1974), ... the Court stated: 'All that is required of a purchaser before recovery will be allowed is that a change in the odometer has occurred and that the seller has failed

In defendant's motion for summary judgment, two points are argued. First, the defendant contends that the odometer requirements of 15 U.S.C. § 1981 *et seq.* are inapplicable in this instance. Secondly, even if the statute does apply, the defendant contends that the plaintiff is barred from bringing suit because the statute of limitations has run.

Upon full consideration, the Court finds that defendant's arguments are without merit and refuses to grant defendant's motion for summary judgment.

Supporting the first argument that the statute is inapplicable, defendant addresses the Court's attention to the fact that the plaintiff purchased her new Dodge prior to the effective date of the statute.

The Odometer Act, 15 U.S.C. § 1981 *et seq.*, was enacted by Congress on October 20, 1972. Section 412 of Public Law 92–513, provided that: "This title . . . shall take effect ninety calendar days following the date of enactment of this Act." 3 U.S.Code Cong. & Admin.News, pp. 3960, 3970–72 (1972). Thus, the Act took effect on January 18, 1973. The parties have stipulated that Mrs. Tye purchased her car from defendant Spitzer on January 11, 1973. The defendant, therefore, claims that the Act is inapplicable.

At the outset, the Court finds that a material question of fact may exist as to whether the alleged tampering occurred before or after October 20, 1972, the date the Odometer Act became law. If the tampering occurred prior to the Act's enactment, then this Court would be in agreement with the defendant's position that the Act does not apply in the instant case. If, on the other hand, the tampering occurred sometime between October 20, 1972 and January 11, 1973, the date of purchase,[6] then the critical issue to be decided is whether Congress intended to afford consumers the opportunity to bring suits under the Odometer Act based on violations which have occurred after the Act's enactment date, but before its effective date. This issue has never been decided by the federal courts and the Court now concludes that the Odometer Act should indeed apply in such circumstances.

In one of the first cases brought under the Odometer Act, *Delay v. Hearn Ford*, 373 F.Supp. 791 (D.S.C.1974), the court interpreted the application of the Act based on facts where the plaintiff had traded his car to the defendants on December 23, 1972, and then repurchased it on January 19, 1973, one day after the Act's effective date. The action was brought under § 1989 alleging a violation of § 1984, for odometer tampering, and of § 1989, for failure to disclose the odometer's accurate mileage. Because the car had been in the defendant's possession from December 23, 1972 to January 19, 1973, the court reasonably inferred that the odometer had been turned back by the defendants during this time. Consequently, the court found a violation of § 1984 notwithstanding the possibility that the defendants' tampering might have occurred prior to the effective date of the Odometer Act. The court explained that:

> The purpose of the statute is to punish odometer tamperers by imposing civil penalties upon them and to reward purchasers who discover such tampering and bring it to the attention of the federal courts.

> In keeping with the stated Congressional purpose in enacting these statutes, this court will not permit defendant to avail itself of the argument that the odometer was rolled back prior to the actionable date of the statute. It is manifest from the Congressional statement of intent that the ninety day waiting period was only for the purpose of the dissemination of information to those most affected by

---

to disclose the change. An intent to defraud arises from the proof of the foregoing in the absence of an explanation of the odometer change.'

**6.** The Court notes that this is more than a reasonable assumption. Attached as an exhibit to plaintiff's amended complaint is a copy of the "Manufacturer's Statement of Origin" to plaintiff's car, which reflects that Chrysler Corporation transferred the new car from its manufacturing plant to Spitzer on October 20, 1972.

the law and was not intended by Congress to give those who sold cars a ninety day period in which to alter such odometers as they wished without having to disclose that fact after January 18, 1973, the effective date of the statute on which such conduct became actionable.

*Delay v. Hearn Ford, supra,* at 796.[7]

■ In view of the purpose and public policy expressed in the Odometer Act, *see* § 1981 *supra,* at Note 1, this Court will join the *Delay* court and others in giving the Act a practical interpretation. *See, Grambo v. Loomis Cycle Sales, Inc.,* 404 F.Supp. 1073 (N.D.Ind.1975); *Stier v. Park Pontiac, Inc.,* 391 F.Supp. 397 (S.D.W.Va.1975); and, *Cantrell v. Thaler Ford Sales, Inc.,* 485 F.Supp. 528 (S.D.Ohio 1980). As stated above, the twofold purpose of the Odometer Act was to prohibit the alteration of odometers and to require, upon the transferring of cars, the disclosure of any changes in the mileage registered on the odometers. In light of this dual requirement under the Act, the Court concludes that the ninety day interim between the enactment and effective dates of the Act was primarily set forth by Congress for the purpose of allowing the Secretary of Transportation, pursuant to the statutory mandate of § 1988, to promulgate disclosure rules and model forms conforming to the disclosure requirements imposed by the Act. Furthermore, as the *Delay* court found, this "waiting period" allowed for the "dissemination of information to those most affected by the law," such as automobile dealers who must conform to the disclosure requirements upon every sale or transfer.

■ With regard to the odometer tampering prohibition of § 1984, however, the Court finds that a consumer would not be "adequately protected" by an interpretation of the Act which would "give those who sold . . . cars a ninety day period in which to alter such odometers as they wished." *Delay, supra,* at 796. This could hardly have been the intent of Congress which desired to "reward" defrauded consumers for bringing violations of the Act before the federal courts. Section 1984 must be construed in accordance with the underlying purpose and policy of the Odometer Act as expressed in Section 1981.

■ This conclusion is not in conflict with *Edgar v. Fred Jones Lincoln–Mercury,* 524 F.2d 162 (10th Cir. 1975), cited to the Court by defendant for the proposition that "the odometer requirements of the Act may not be applied retroactively to transactions completed prior to January 18, 1973 . . . ." First, this Court does not view the holding of *Edgar* in the same light as defendant's proposition.[8] Secondly, the Court does not

---

**7.** This Court is mindful that at the conclusion of the *Delay* opinion, the court said: "If the sale had been made on January 17, 1973, there would have been no cause of action stated herein because the statute did not become effective until the next day." *Delay v. Hearn Ford,* 373 F.Supp. 791, 796 (D.S.C.1974). The *Delay* opinion, however, is somewhat cryptic in that the court meshed violations of § 1984 with violations of § 1988. The court was apparently willing to find a violation of § 1984 under the facts before it, and it is reasonable to infer that the court would have likewise found a violation given the facts of the instant case since the defendants' argument that the tampering occurred before the Act's effective date, was rejected. Accordingly, this Court reads the above language solely to mean that as of January 18, 1973, and not before, the defendants had a duty, pursuant to § 1988, to disclose accurate odometer mileage in all transfers.

**8.** In *Edgar,* the plaintiff purchased his car from the defendant on May 26, 1971, which not only considerably predated the effective date of the Act, but also, its enactment. Even though the plaintiff based his suit on common law fraud, the district court utilized § 1989 of the Odometer Act as a model for the purpose of measuring and granting the plaintiff damages. On appeal, the pertinent issue before the Tenth Circuit was whether the enactment of the Odometer Act preempted and precluded the plaintiff from pursuing the common law action. Analyzing the language and legislative history of § 1991, the Court held that the statute did not supersede the state remedy and that, therefore, "it was improper to use the federal act as a measure of the damages and as a limitation on damages in a state diversity action." *Id.,* at 164 165. In further explaining its refusal to apply the Act retroactively in that action, the court stated that "[t]he clearest reason for the federal law not limiting the plaintiff's recovery is that the action arose before the statute was *enacted*" [emphasis added]. *Id.* at 165.

believe that its equitable reading of the Odometer Act, particularly § 1984, in these circumstances is one which necessarily renders the Act retroactive. A statute is not rendered retroactive merely because the facts upon which its subsequent action depends are drawn from a time antecedent to its effective date. *See, Reynolds v. United States*, 292 U.S. 443, 449, 54 S.Ct. 800, 803, 78 L.Ed. 1353 (1934); *Benjamin v. Hunter*, 176 F.2d 269 (10th Cir. 1949).

▆ Furthermore, even if it can be said that the Court's reading of the Act has the effect of giving § 1984 a retroactive application, then further justification for the above conclusion can be based on a determination that § 1984 constitutes a remedial or curative provision, whereas § 1988 constitutes a substantive provision. Under traditional canons of construction, the Court recognizes that retroactivity is not favored. *Claridge Apartments Co. v. Commissioner*, 323 U.S. 141, 65 S.Ct. 172, 89 L.Ed. 139 (1944). However, it is also a well established exception that statutes found to be remedial, rather than substantive, in nature can be applied to past transactions. *See* 82 C.J.S. Statutes § 421. As the court in *Herrick v. Sayler*, 245 F.2d 171, 174 (7th Cir. 1957) has explained:

> An exception to [the] general rule is recognized with regard to remedial statutes— where retroactive operation is necessary to carry out the purpose of the law and no new rights are given or existing rights taken away, but only a new remedy is afforded for the enforcement of an existing right.

*Also see, Bagsarian v. Parker Metal Co.*, 282 F.Supp. 766 (N.D.Ohio 1968). In the instant matter, § 1984 of the Odometer Act as construed by the Court does "nothing more than to provide [Mrs. Tye] with [another] forum to enforce" an already existing substantive right she has based on common law fraud. *McGee v. International Life Insurance Co.*, 355 U.S. 220, 224, 78 S.Ct. 199, 201, 2 L.Ed.2d 223 (1957).

Defendant's second argument in support of its motion for summary judgment is that even if the Odometer Act does apply, the plaintiff should be barred from bringing suit because the statute of limitations set forth in § 1989(b) has run. Section 1989(b), in pertinent part, provides that "[a]n action to enforce any liability ... may be brought in a United States District Court ... within two years from the date on which the liability arises." *See* Note 4 *supra*.

▆ While the Act is silent as to when the two year period begins to run, the court in *Levine v. MacNeil*, 428 F.Supp. 675 (D.Mass.1977), concluded that the limitations period was tolled from running until the time when the violation was first discovered by the plaintiff.[9] This Court is in agreement with *Levine* since its holding follows the well established federal doctrine that where fraud is involved in the cause of action, the statute of limitations does not begin to run until the fraud is discovered or should have been discovered by the plaintiff. *See Holmberg v. Armbrecht*, 327 U.S. 392, 397, 66 S.Ct. 582, 585, 90 L.Ed. 743 (1946); *Korn v. Merrill*, 403 F.Supp. 377 (S.D.N.Y.1975) *aff'd.* 538 F.2d 310 (2d Cir. 1976); and *Herm v. Stafford*, 455 F.Supp. 657 (W.D.Ky.1978).

▆ At best for defendant, the Court finds that a material issue of contested fact exists as to when Mrs. Tye either discovered or should have discovered that the odometer to her car had been altered. She has sufficiently alleged that her discovery of the alteration was not until sometime in April, 1976. Since Mrs. Tye filed this action on November 21, 1977, she has commenced it within the two year statute of limitations period.

Accordingly, upon careful consideration and for the reasons stated hereabove, the Court concludes that the defendant's motion for summary judgment is DENIED.

IT IS SO ORDERED.

9. The court stated at 428 F.Supp. 675–676:

> The statute is silent and I have not been cited to nor have I found any case which deals with the issue. Where the gravamen of the complaint is the fraudulent concealment of a material fact, it would seem to be in accordance with general principles of law to hold that the date of discovery is the starting point for the running of the statute ....