**Thomas J. JONES, IV, Plaintiff,**

v.

**ROY STANLEY CHEVROLET, also known as Roy Stanley Chevrolet-Fiat, a Montana corporation, and James Dowen, Defendants.**

**No. CV 85–152–M–CCL.**

United States District Court,
D. Montana,
Missoula Division.

Aug. 13, 1987.

T.J. Jones III, Jones & Jones, Boise, Idaho, Brian J. Smith, Manley, Smith & Handley, Polson, Mont., for plaintiff.

Robert J. Phillips, Snavely & Phillips, Missoula, Mont., for defendants.

ORDER

LOVELL, District Judge.

Before the court is Defendants' motion for summary judgment on Plaintiff's action arising out of the Vehicle Information and Cost Savings Act, 15 U.S.C.S. §§ 1981–1991 (Law. Co-op. 1982 & Supp. 1987) (odometer requirements). Jurisdiction is conferred on this court by 15 U.S.C.S. § 1989(b).

Plaintiff alleges that on February 12, 1982, he purchased a new Fiat Strada automobile from Defendants for the sum of $5,080.53. Plaintiff alleges that Defendants warranted the automobile to be new and falsely represented that it had been driven only 84.7 miles. In the ensuing months Plaintiff alleges he was plagued by a number of troublesome problems with the car. Finally frustrated with what he perceived as a used lemon sold as a new automobile, Defendant filed this action on March 22, 1984 in the United States District Court for the District of Idaho. Although Plaintiff's complaint hints of allegations of fraud and misrepresentation, Plaintiff expressly states that he is seeking damages under the federal odometer tampering act.

In their answer, Defendants set forth the affirmative defense of "The expiration of the applicable statute of limitations as found in 15 U.S.C. § 1989(b)." The substantive portion of Defendants' motion for

summary judgment is based on this defense. The act provides that "[a]n action to enforce any liability [for a violation of the federal odometer law] may be brought within two years from the date on which the liability arises." 15 U.S.C.S. § 1989(b). Plaintiff purchased the car on February 12, 1982 and filed this action March 22, 1984—just over two years after the purchase date.

The parties were able to cite the court to only three cases examining the statute of limitations provision of the odometer act. My research reveals no other cases. The rule announced by all three cases is condensed in *Byrne v. Autohaus On Edens, Inc.*, where the court wrote:

> The act makes actionable only violations thereof which were committed with intent to defraud. Therefore, since actions under the Act are founded upon fraudulent conduct, federal courts are bound to employ the federal "discovery rule" when applying the statute of limitation set forth in the Act. *Holmberg v. Armbrecht*, 327 U.S. 392, 397 [66 S.Ct. 582, 585, 90 L.Ed. 743] (1946) . . . The federal discovery rule provides that statutes of limitation applicable to actions sounding in fraud begin to run either from the date a plaintiff discovers the fraud or from the date that plaintiff could have in the exercise of reasonable diligence discovered the fraud. Therefore, the Court finds that the Act's statute of limitation begins to run from the date of either the discovery or constructive discovery of the violation.

488 F.Supp. 276, 280 (N.D.Ill.1980), *Accord Levine v. MacNeil*, 428 F.Supp. 675, 676 (D.Mass.1977); *Tye v. Spitzer-Dodge*, 499 F.Supp. 687, 693 (S.D.Ohio 1980).

Defendants argue "Jones failed to file his Complaint for approximately two years and five weeks after he actually discovered that the odometer was not functioning." Brief in Support of Motion for Summary Judgment at 3. Defendants base this argument on a letter written by Plaintiff on January 31, 1984, the authenticity and accuracy of which is undisputed, which indicates that Plaintiff, on the day he purchased the car, was aware of some tampering or defect concerning the odometer.

The letter is directed to the Flathead County Prosecutor and the Consumer Protection Division of the State of Montana. That letter begins:

> I am writing you this letter regarding my desire to begin formal legal proceedings in accordance with the Federal Odometer Requirement Act of the U.S. Commercial Code against Roy Stanley Chevrolet-Fiat. . . .
>
> On February 14, 1982, I purchased a 1980 Fiat Strada automobile from Roy Stanley Chevrolet-Fiat. The contractual sales agreement stated in fact that the car had 84.7 original miles. . . . On the first evening of ownership I drove to Whitefish, Mont. which is approximately a twenty mile trip. Much to my surprise the odometer reading in Whitefish was 84.7 miles.

The letter concludes with this remark: "I intend on taking this matter to the full legal limit of the law and would very much appreciate your cooperation in forwarding the necessary legal forms at your earliest convenience."

It is clear that Plaintiff had discovered the odometer violation the day he purchased the automobile. It is also reasonably clear that Plaintiff grasped the remedy available for this violation afforded by the "Commerce and Trade" title, "Odometer Requirements" sections of the United States Code within the limitations period.

Plaintiff's brief in opposition argues that there is some issue of fact as to the date of discovery of the violation. "It is arguable that it was reasonable for JONES to accept the [dealer's] indication that the odometer was unplugged inadvertently during dealer preparation." I cannot accept this argument.

Any issue raised by the dealer's indication that the odometer was inadvertently unplugged is not before the court and may not be considered. The rules of procedure allow a party to file documents in support of a motion for summary judgment and require a party opposing summary judg-

ment to rebut the movant's assertions. Fed.R.Civ.P. 56(e).

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

*Id.* Plaintiff has failed to supply the court, by pleading or otherwise, with any support for his representation that Defendants stated that the odometer had been inadvertently unplugged during dealer preparation work. Thus, there is no issue of fact before the court concerning how Defendants' explanation of the disconnected odometer could have hampered Plaintiff's discovery of the odometer violation.

■ Another independent reason exists which makes Plaintiff's argument unconvincing. The applicable statute provides: "No person shall disconnect, reset, or alter ... the odometer of any motor vehicle with intent to change the number of miles thereon." 15 U.S.C.S. § 1984. Plaintiff did not have to wait for the car to show signs of excessive wear, indicating the odometer must have been reset or altered, before a cause of action accrued. Merely disconnecting the odometer with the intent to change the number of miles registered gives rise to an actionable claim. Assuming that the dealer did state that the odometer had been disconnected, a prudent person so informed would be led to further inquiry.

The discovery rule does not require that the plaintiff have every salient fact before him to have discovered the wrong. In examining Montana's codified "discovery doctrine," The Montana Supreme Court wrote:

> 'The law does not contemplate such discovery as would give positive knowledge of the [wrongdoing], but such discovery as would lead a prudent man to inquiry or action. To hold that discovery must amount to absolute knowledge of the fact of [wrongdoing] would be to render

the statute practically inoperative, since such knowledge is rarely had before the facts are established by adjudication.' 37 Am.Jur. *Fraud & Deceit,* § 410, at 556.

*Mobley v. Hall,* 202 Mont. 227, 233, 657 P.2d 604, 607, (1983), *quoted in Buhl v. Biosearch Medical Products, Inc.* 635 F.Supp. 956, 961 (D.Mont.1985) (holding that plaintiff's claim for personal injuries resulting from accidental ingestion of mercury arose when plaintiff realized she had ingested the mercury, rather than later when medical treatment revealed mercury-related illness). Plaintiff did not require complete knowledge of the extent of Defendants' possible violations and his own injury to have "discovered" the claim within the meaning of the federal discovery rule.

■ Based on this authority it is my opinion that Plaintiff discovered or, in the exercise of reasonable diligence, could have discovered the violation of the odometer act on February 12, 1982—the day he discovered the odometer was inoperative. The period of limitations set forth in 15 U.S.C. § 1989(b) having expired prior to the commencement of this action,

IT IS HEREBY ORDERED that summary judgment be granted in Defendants' favor. Let judgment enter accordingly.

The clerk is directed to forthwith notify counsel of the making and entry of this order.