**Madonna DAVIS, d/b/a Vans Unlimited, and Richard Davis, Plaintiffs,**

v.

**ADOPTION AUTO, INC., Richard Dunn, A.J. Pratt, Barbara E. Karbassi, Notary Public, United States Fire Insurance Company, Ford Motor Credit Company, and Rusty Eck Ford, Inc., Defendants.**

**Civ. A. No. 87–2496–S.**

United States District Court, D. Kansas.

Feb. 15, 1990.

Ruben Jorge Krisztal, Overland Park, Kan., for plaintiffs.

Paul W. Dwight, David R. Buchanan, Brown, James & Rabbit, P.C., Kansas City, Mo., for U.S. Fire Ins. Co.

Robert D. Benham, McAnany, Van Cleave & Phillips, P.A., Kansas City, Kan., for Ford Motor Credit Co.

Calvin L. Wiebe, James A. Walker, Triplett, Woolf & Garretson, Wichita, Kan., for Rusty Eck Ford, Inc.

---

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant United States Fire Insurance Company's motion for summary judgment.[1] Plaintiffs have moved for summary judgment against defendant Ford Motor Credit Company and against defendant Rusty Eck Ford; both of these defendants have also moved for summary judgment against plaintiffs. This case involves a rolled-back odometer on a 1982 Cadillac deVille which plaintiffs purchased at the Metro Auto Auction in Lee's Summit, Missouri on July 23, 1986.

The standard for summary judgment has been stated many times by the court and is as follows. A moving party is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.*, 758 F.2d 1381, 1387 (10th Cir.1985). The requirement of a genuine issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing the absence of a genuine issue of material fact. This burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514. Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* The court must consider factual inferences tending to show triable issues in the light most favorable to the party opposing the motion. *Bee v. Greaves*, 744 F.2d 1387, 1396 (10th Cir.1984), *cert. denied*, 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985).

*Defendant Rusty Eck Ford, Inc.'s and Ford Motor Credit Company's Motions for Summary Judgment*

For purposes of defendants' summary judgment motion, the court finds that the following facts are not genuinely disputed. On or about February 13, 1986, Rusty Eck Ford, Inc. (Rusty Eck) sold a 1982 Cadillac automobile, Vehicle Identification No. 1G6AD6982C9122835 (hereafter, "the Cadillac"), to Mark Clausen. On June 6, 1986, Ford Motor Credit Company (FMCC) repossessed the Cadillac from Mark Clausen, for whom it had financed the purchase price. The odometer mileage statement filled out by FMCC and filed with the Kansas Department of Revenue in connection with a Repossession Affidavit on June 11, 1986 indicated the mileage on the Cadillac as 53,479 miles. FMCC then transported the Cadillac to the Metro Auto Action in Lee's Summit, Missouri to sell it at auction. On or about July 23, 1986, plaintiff Richard Davis purchased the Cadillac from FMCC at the Metro Auto Auction for $6,500.00. Plaintiff Richard Davis had been engaged in the business of selling new and used motor vehicles for a number of years before he purchased the Cadillac in July 1986. He had operated Vans Unlimited since 1982, and prior to that had sold used cars in Cheyenne, Wyoming and Colorado Springs, Colorado. Prior to purchasing the Cadillac at Metro Auto Auction he had purchased vehicles at Metro Auto Auction more than a dozen times. Plaintiffs Madonna Davis and Richard Davis are husband and wife and partners and co-owners of Vans Unlimited.

When he purchased the Cadillac, Richard Davis had a specific buyer in mind for it, a close friend named Dick Paschell. After becoming better acquainted with the Cad-

---

**1.** The court finds that defendant United States Fire Insurance Company's motion for summary judgment, and plaintiffs' motions for summary judgment, are timely, given the August 1, 1989 order of the court extending the deadline for submission of dispositive motions to June 6, 1989. Thus, all motions for summary judgment will be considered as timely filed.

illac and having various repairs done, Davis determined that "this car was just loose," and not a "straight car." Therefore, when Davis did show Paschell the car shortly after Labor Day 1986, Davis recommended to Paschall that he not buy the car, which Paschell did not. Thereafter, Davis advertised the Cadillac in the September 25, 1986 issue of the *Thrifty Nickel* newspaper. Approximately one dozen potential customers who test-drove the Cadillac refused to buy it, making statements to the effect that "this wasn't a car they felt they could use." Although both were mentioned in the original complaint as being in the Cadillac's chain of title, the original complaint did not name either Rusty Eck or FMCC as a defendant; both were added in plaintiffs' second amended complaint filed November 18, 1988.

In their respective motions for summary judgment, both Rusty Eck and FMCC raise the statute of limitations as a bar to plaintiffs' action. The Motor Vehicle Information and Cost Savings Act, 15 U.S.C. § 1981, *et seq.* (hereafter, the "Odometer Act"), provides that an action to enforce liability under § 1989(a) of the act is to be brought "within two years from the date on which the liability arises." 15 U.S.C. § 1989(b).[2] Since actions under the Odometer Act involve allegations of fraudulent conduct, federal courts employ the federal "discovery rule," which provides that statutes of limitation applicable to actions sounding in fraud begin to run either from the date the plaintiff discovers fraud or from the date the plaintiff could have, in the exercise of reasonable discretion, discovered fraud. *See Byrne v. Autohaus On Edens, Inc.*, 488 F.Supp. 276, 280 (N.D. Ill.1980).

In this case, plaintiff Richard Davis has stated that he "discovered" the possibility of fraud in November 1986 (although he did not receive a title history until April 1987). The issue before the court is whether plaintiff Richard Davis could reasonably

have discovered the possibility of odometer fraud prior to November 1986 so as to begin the running of the two-year statute of limitations and bar plaintiffs' claims against defendants Rusty Eck and FMCC (both added as party defendants in November 1988). In interpreting the federal discovery rule in the context of odometer rollback cases, it has been held that actual knowledge that a rollback has occurred is unnecessary to start (or alternatively, to end the tolling) of the statutory limitations period. Rather, the test is when a prudent person under the circumstances would be led to further inquiry regarding the possibility of odometer tampering. *See Jones v. Roy Stanley Chevrolet*, 666 F.Supp. 194, 196 (D.Mont.1987).

In his deposition, plaintiff Richard Davis stated that he knew, from the repair problems, his own driving of the car, and the reaction of potential buyers, that the Cadillac had problems in September 1986. As early as Labor Day 1986, a little more than a month after purchasing the Cadillac at auction, Davis knew that the car was "loose," or not a "straight car," and recommended that his friend Paschell, the intended purchaser of the Cadillac, not buy it. Under these particular circumstances, and especially given the fact that Richard Davis was an experienced car dealer, rather than an ordinary consumer, the court finds that plaintiffs' cause of action accrued by the end of September 1986 at the latest, when the court finds that plaintiffs had sufficient information about the Cadillac to put a prudent person in plaintiffs' position (i.e., that of an experienced car dealer) on notice that further inquiry into the possibility of odometer tampering was warranted. *See Jones*, 666 F.Supp. at 196. Thus, the court finds that plaintiffs' cause of action as to Rusty Eck and FMCC is barred by the two-year statute of limitations since neither was added as a party defendant until November 18, 1988, more than two years after the cause of action accrued in September 1986. Therefore, the court will grant sum-

---

**2.** Because the same two-year statute of limitations period applies whether plaintiffs' cause of action is based on the Odometer Act or on fraud or negligence, the court's analysis of this issue remains the same, regardless of how plaintiffs' claims are pled. 15 U.S.C. § 1989(b); K.S.A. 60-513.

mary judgment for Rusty Eck and FMCC on this ground.

*Defendant United States Fire Insurance Company's Summary Judgment Motion*

For purposes of defendant United States Fire Insurance Company's (USF) motion for summary judgment, the relevant facts, which are deemed admitted by plaintiff's failure to specifically controvert them as required by D.Kan.Civil Rule 206(c), are as follows. Plaintiffs' allegations against USF relate to the alleged failure of defendant Barbara Karbassi (Karbassi) to faithfully perform a notarial act on January 8, 1986, when she allegedly notarized the signature of a "Betty J. Danew" on a "Dealers Bill of Sale for New or Used Motor Vehicles" for the Cadillac without witnessing the execution of the document and without asking for or receiving identification of person whose signature was being notarized. Although plaintiffs purchased the Cadillac in July 1986, neither of the plaintiffs saw the document allegedly notarized by Karbassi until several months later, i.e., plaintiff Richard Davis testified in deposition that he first saw the document after April 1987, and plaintiff Madonna Davis testified that she first saw the document sometime after December 1986.

Plaintiffs allege that defendant USF is liable under a notary bond for Karbassi's alleged failure to "faithfully perform a notarial act" in connection with her notarization of a signature on the dealers bill of sale. The relevant statute, K.S.A. 53–119, provides:

> Any person injured by the failure of a notary public to faithfully perform any notarial act for which a bond is given under the laws of this state may sue on the bond ... to recover the damages that the person may have sustained by such failure.

Under this statute, plaintiffs can recover against USF only if they can establish that defendant Karbassi's alleged notarial certification of the signature of Betty Danew on the dealers bill of sale proximately caused their injuries. *See* K.S.A. 53–119. The Kansas Supreme Court has implicitly required that a plaintiff demonstrate reliance on the notary's certification in order to meet the proximate cause element. *Bellport v. Harkins,* 104 Kan. 543, 180 P. 220, 223 (1919). Given the undisputed testimony of both plaintiffs that they did not even see this document until months after they purchased the Cadillac, the court finds that plaintiffs have failed to create a triable issue by coming forth with evidence on the reliance and proximate cause elements of their cause of action against USF on the notary bond.[3] Therefore, the court will grant USF's motion for summary judgment.

IT IS BY THE COURT THEREFORE ORDERED that defendant Rusty Eck Ford, Inc.'s motion for summary judgment is granted.

IT IS FURTHER ORDERED that defendant Ford Motor Credit Company's motion for summary judgment is also granted.

IT IS FURTHER ORDERED that defendant United States Fire Insurance Company's motion for summary judgment is also granted.

IT IS FURTHER ORDERED that plaintiffs' motion for summary judgment against Ford Motor Credit Company is now moot, and is therefore denied.

IT IS FURTHER ORDERED that plaintiffs' motion for summary judgment against Rusty Eck Ford, Inc. is also moot, and is therefore denied.

---

**3.** The court also finds plaintiffs' arguments against USF's summary judgment motion based on 15 U.S.C. § 1988 to be inapposite for two reasons. First, plaintiffs' cause of action against USF is based on the notary bond, not directly upon the Motor Vehicle Information and Cost Savings Act. Second, neither defendant Karbassi nor defendant USF qualifies as a "transferor" subject to liability under the disclosure requirements of § 1988 since neither defendant transferred an ownership interest in the 1982 Cadillac in question. *See* 15 U.S.C. § 1988; 49 C.F.R. Pt. 580.3.