Robert A. HUYCKE,
Plaintiff–Appellant,

v.

Jack W. GREENWAY,
Defendant–Appellee.

No. 88–8503

Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

June 27, 1989.

Graydon W. Florence, Atlanta, Ga., for plaintiff-appellant.

Paula K. Smith, Georgia Dept. of Law, Edward T. Murray, Atlanta, Ga., for defendant-appellee.

Before JOHNSON, ANDERSON and CLARK, Circuit Judges.

PER CURIAM:

The issue in this Odometer Act case is whether the defendant had the requisite "intent to defraud" required under the Act's liability provisions. The defendant, who is not a car dealer, sold the plaintiff the van whose mileage is now contested.

## I. *Background*

On July 30, 1985, Jack W. Greenway (Greenway) purchased a used van from O.E. Cogburn (Cogburn).[1] Cogburn executed an assignment and warranty of title on the reverse side of the vehicle's certificate of title and delivered the title to Bank-South. According to both the title transfer and a newly-issued certificate of title, the vehicle's odometer reading at the time of transfer was 62,039 miles. Plaintiff's Exhibit 1, 2.

Over a year later, Greenway sold the van to Robert A. Huycke (Huycke) for $4500 on December 9, 1986. Huycke's son, who had seen Greenway's advertisement for the vehicle, went to Greenway's home to inspect the vehicle. He decided to purchase the vehicle but to place title in his father's (Huycke's) name. Greenway and Huycke met at the offices of BankSouth where a bank official assisted in the execution of a number of documents to transfer title in the van. Greenway executed an assignment and warranty of title on the reverse side of the certificate of title to Huycke. Plaintiff's Exhibit 2. The odometer reading written in on the certificate's reverse side was 57,501 miles. *Id.* Concurrently, Greenway and Huycke executed a bill of sale. Plaintiff's Exhibit 3. They completed an Odometer Mileage Statement in which Greenway attested that the vehicle had 57,501 miles. Plaintiff's Exhibit 4. Greenway also signed an Affidavit Sale of Motor Vehicle, indicating the van's odometer reading was 57,501 miles. Plaintiff's Exhibit 5.

On December 10, 1986, Huycke applied for a new title to the van by submitting the certificate of title with the transaction with Greenway on the reverse side. Plaintiff's Exhibit 2. The Georgia State Department

---

1. Cogburn acquired title to the new van on December 2, 1980.

of Revenue returned Huycke's title application due to discrepancies between the odometer readings on the original and second certificates and refused to issue a title.

On July 29, 1987 Huycke filed a complaint, alleging that Greenway violated the Odometer Requirements Act.[2] His complaint also sought damages for fraud, breach of duty and expenses of the litigation under Georgia law. Throughout the bench trial, Greenway testified that although he signed the various documents, he had "no idea" as to the van's odometer reading on the transfer date. He also testified that he did not provide much of the information in the various forms and that he was "not sure" if he had written in mileage figures. Greenway stated that the he did not know the actual mileage on the van when he transferred it to Huycke because he "really didn't look at the mileage that closely."

At the close of evidence, the district court held that Greenway did not have the requisite scienter to violate the Act.[3] The court later entered a final judgment for Greenway on all counts. R.1.–10. Huycke timely appealed.

## II. *Discussion*

Huycke argues that the district court erred in its holding that Greenway did not have the requisite "intent to deceive" required under the Odometer Act. Alterna-

tively, he argues that the court did not make findings of fact required by Fed.R. Civ.P. Rule 52. We agree with Huycke on his latter contention and remand.

The reason factual findings are critical in Odometer Act actions is an appellate court's need to have some basis for applying the Act's "intent to deceive" standard. Courts attempting to determine whether a particular violation of the Act amounts to an intent to defraud have generated differing standards. In *Nieto v. Pence*, 578 F.2d 640 (5th Cir.1978),[4] the former Fifth Circuit held that absent some explanation, an automobile dealer's sole dominion over a vehicle tends to show its responsibility for an altered odometer, and its failure to disclose that the odometer reading is incorrect is evidence of the intent to defraud. It stated:

A transferror may not close his eyes to the truth. If a transferror *reasonably should have known* that a vehicle's odometer reading was incorrect, although he did not know to a certainty the transferee would be defrauded, a court may infer that he understood the risk of such an occurrence.

*Id.* at 642 (emphasis added). The *Nieto* court therefore held that a buyer does not have to establish that the seller had actual knowledge of the violation to show intent to deceive.[5]

---

**2.** The Act prohibits various practices such as disconnecting, resetting or altering odometers and operating vehicles without an odometer connected or functioning. 15 U.S.C. §§ 1984, 1985. The Act provides that "any person who, with intent to defraud, violates any requirement imposed under this subchapter shall be liable" for the greater of triple damages or $1500 plus costs and attorneys' fees. 15 U.S.C. § 1989.

**3.** The district court ruled from the bench:

All right, I'm going to find for the defendant on the basis of the plaintiff's evidence does not persuade me by a preponderance thereof that the defendant, if any requirement of the odometer act was violated, and I think it probably has been, did so with the intent to defraud, and out of ignorance or whatever it may be. So I'll find for the defendant. So ordered.
S.R.1. at 83.

**4.** In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (in banc), this court adopted as

binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209.

**5.** The *Nieto* court's standard appears to be in accord with other courts considering what type of conduct constitutes an intent to defraud. *See, e.g., Ryan v. Edwards,* 592 F.2d 756 (4th Cir.1979) (constructive knowledge, recklessness, or gross negligence supports finding of intent to deceive); *Shipe v. Mason,* 500 F.Supp. 243 (E.D. Tenn.1978) (intent to defraud means willful act with specific intent to deceive), *aff'd,* 633 F.2d 218 (6th Cir.1980); *Jones v. Fenton Ford, Inc.,* 427 F.Supp. 1328 (D.Conn.1977) (intent to defraud may be inferred from recklessness); *Kantorczyk v. New Stanton Auto Auction, Inc.,* 433 F.Supp. 889 (W.D.Pa.1977) (reckless disregard standard); *Pepp v. Superior Pontiac GMC, Inc.,* 412 F.Supp. 1053 (E.D.La.1976) (intent to defraud may be inferred from recklessness).

The record does not establish how the van's odometer reading changed from the time Greenway first purchased the van to the time he sold it to Huycke. Huycke contends that Greenway's disavowals of actual knowledge regarding the van's mileage and his attestations to mileage data of which he was completely ignorant supports an Odometer Act violation. The district court seems to conclude that the defendant violated the Odometer Act in some respects but did so out of "ignorance" rather than with the intent to deceive. S.R.1 at 83.

Because the factual basis for the district court's holding is not clearly set out in its oral holding as required by Rule 52, we remand with directions for the court to comply with Rule 52 by setting forth the factual basis for its finding of no intent to defraud or alternatively to render a verdict for the plaintiff.

REMANDED WITH INSTRUCTIONS.